# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**ANTONIO SLATER**, Individually and
on behalf of other similarly
situated current,

    Plaintiff,

    v.

**CART.COM, INC.** and
**FB FLURRY, LLC**

    Defendants.

NO. _____

FLSA Collective Action
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Antonio Slater ("Plaintiff"), individually, and on behalf of all other similarly situated current, brings this collective action against Defendants, Cart.Com, Inc. and FB Flurry, LLC ("Defendants"), and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages owed to Plaintiff and similarly situated hourly-paid warehouse employees.

2. Plaintiff alleges that he and those similarly situated were not paid one and one-half times their regular hourly rate of pay for all hours worked over 40 per week within weekly pay periods during all times material to this collective action, including two unpaid fifteen (15) rest breaks per shift that should be calculated as overtime pay due to the total hours

worked per week.

3. Plaintiff seeks to form a class of aggrieved current and former hourly-paid warehouse employees .

## II.    JURISDICTION AND VENUE

4. Jurisdiction is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and worked for Defendants in this district. In addition, Defendants have conducted and continue to conduct business in this district. and has engaged and continue to engage in wrongful conduct alleged herein in this district during all times material to this cause.

## III.    CLASS DESCRIPTION

6. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All current and former hourly-paid warehouse employees who worked for Defendants in the United States within weekly pay periods at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV.    PARTIES & COVERAGE

7. Plaintiff Antonio Slater was employed by Defendant as a full time, hourly-paid warehouse employee within the last three (3) years. Plaintiff Slater's Consent to Join this collective action is attached hereto as Exhibit A.

8. Defendant Cart.Com, Inc. is a Delaware Corporation with its principal offices located at 1334 Baltimore Road (Suite 34), Houston, TX 77065. Its agent for service of process is Capitol Corporate Services, Inc., 992 Davidson Ave. (Suite B), Nashville, TN 37205-1051.

9. Defendant FB Flurry, LLC is a Limited Liability Company with its principal offices located at 10300 Sanden Drive, Suite 100, Dallas, TX 75238-1735. Its agent for service of process is Capitol Corporate Services, Inc., 150 S. Mopac Expressway (Suite 220), Austin, TX. 78748.

10. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise engaged in interstate commerce and their employees are/were engaged in interstate commerce.

11. Plaintiff and those similarly situated are/were "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit

12. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this collective action lawsuit.

13. Defendants jointly employed Plaintiff and those similarly situated.

14. Defendants were jointly responsible for establishing and administering pay policies and practices related to Plaintiff and those similarly situated during all times material to this lawsuit.

15. Defendants are an integrated enterprise as that term is defined by 29 U.S.C. § 201(r) because their related activities, which are performed through unified operations of common control, are for a common business purpose.

## V. ALLEGATIONS

16. Plaintiff and other similarly situated employees have been hourly-paid warehouse employees of Defendants during all times material.

17. Plaintiff worked for Defendants at their warehouse facility in Memphis, Tennessee during all times material.

18. Plaintiff and those similarly situated were full-time warehouse employees of Defendants and typically worked 40 hours or more per week within weekly pay periods during all times material herein.

19. Defendants failed to pay Plaintiff and those similarly situated one and one-half times their regular hourly rate of pay for all hours performed in excess of 40 per week within weekly pay periods during all times material herein.

20. More specifically, Plaintiff and others similarly situated performed overtime work for Defendants within weekly pay periods during all times material which such time was either not recorded into Defendants' time keeping system or "edited-out" of their time keeping system.

21. In addition, on information and belief, Defendants failed to pay Plaintiff and those similarly for 15-minute rest breaks at the applicable FLSA overtime rates of pay during all times material. Since Plaintiff and those similarly situated performed more than 40 hours of work per week for Defendants without including unpaid rest breaks, such break times should be calculated as compensable overtime hours of work within weekly pay periods during all times material.)

22. These claims are unified through common theories of Defendants' FLSA violations.

23. Defendants' violations of the FLSA were willful with reckless disregard to clearly established FLSA overtime compensation requirements.

24. Plaintiff and others similarly situated are entitled and, hereby seek to recover from Defendants back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses for all such unpaid compensable overtime that is available to them under the FLSA.

## VI.    COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

26. The unpaid wage claims of Plaintiff and those similarly situated may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

27. The unpaid overtime claims of Plaintiff and class members are similarly situated in that Defendant failed to pay them for all the overtime hours performed per week within weekly pay periods at the applicable FLSA overtime rates of pay – in keeping with its common plan and practice.

28. Their unpaid overtime claims also are similarly situation because Defendants' common practice of either not including all their overtime hours into its time keeping system on the one hand, or editing-out such time from its time keeping system, on the other hand deprived them of earned overtime compensation.

29. The unpaid overtime claims of plaintiffs and class members also are similarly situated in that such claims are unified through common theories of Defendants' FLSA violations.

30. The unpaid wage claims of Plaintiff are typical of the claims of the class in that he was subject to the same operational, compensation and timekeeping practices that resulted in

them not being paid for all their compensable overtime at the applicable FLSA overtime rates of pay.

## COUNT I
## FLSA VIOLATIONS
### (On Behalf of the Class)

31. Plaintiff on behalf of himself and the class, repeats and re-allege Paragraphs 1 through 30 above, as if they were fully set forth herein.

32. As a result of their failure to compensate Plaintiff and other members of the class for all overtime hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201, et seq.

33. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. Defendants' conduct was with reckless disregard to established FLSA overtime compensation requirements.

35. Defendants do not have a "good faith" basis for their FLSA violations, as previously described.

36. Due to their FLSA violations, Plaintiff and the other members of the class are entitled and, hereby seek, to recover from Defendants compensation for their unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the class, requests this Court to grant the following relief against Defendants:

    A.    Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

    B.    An award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay;

    C.    An award of liquidated damages to Plaintiff and other members of the class.

    D.    An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

    E.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

    F.    A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

    G.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: December 28, 2022

                                        Respectfully Submitted,

                                        *s/Gordon E. Jackson*
                                        Gordon E. Jackson (TN BPR # 008323)

J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***